[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TO STRIKE
This action arises from the defendant, Andy Bogan's, alleged default on an automobile loan with the plaintiff, Chrysler Financial. The defendant impleaded Leo C. Antonio, d/b/a/ Michael's Chrysler Plymouth Isuzu, and Chrysler Motor Corporation as third party defendants and filed a third party complaint. The third party defendants filed a motion to strike counts two, CT Page 5358 three, four and five of the third party complaint, accompanied by a memorandum of law in support. The third party plaintiff (Bogan) filed a memorandum in opposition to the motion to strike, to which the third party defendants filed a reply.
A. Count two
The third party defendants move to strike count two, which alleges that the third party defendants are in violation of General Statutes § 42-179, also known as Connecticut's "Lemon law," on the ground that General Statutes § 42-179 requires arbitration and does not authorize a civil action.
General Statutes § 42-179 sets forth the circumstances and procedures by which a consumer may seek repairs, a refund, or a replacement vehicle from a manufacturer where a motor vehicle does not conform to express warranties. General Statutes §42-181 (b) provides that where a motor vehicle fails to conform to the warranties defined in section 42-179, a "consumer may bring a grievance to an arbitration panel. [The] purpose of [General Statutes 42-181] is to provide, for consumer purchasers of new motor vehicles, an alternative to civil ligation . . . . Whether to invoke arbitration under the act is a decision for the consumer . . . ." (Emphasis omitted.) Chrysler Corporation v.Maiocco 209 Conn. 579, 585, 552 A.2d 1207 (1989).
Accordingly, Bogan may choose to either bring a civil action or seek arbitration to enforce the provisions of General Statutes § 42-179.
The third party defendants also move to strike count two on the ground that Bogan fails to allege the necessary elements of General Statutes § 42-179. Specifically, the third party defendants argue that Bogan failed to provide the third party defendants with notice of the defect pursuant to section 42-179
(c), and that he fails to claim that the alleged defect substantially impairs the use, safety or value of the motor vehicle pursuant to section 42-179 (d).
General Statutes § 42-179 (b) provides that where a consumer informs the manufacturer, its agents or dealer that a new vehicle does not conform to express warranties during two years following the purchase of the vehicle, the manufacturer, agent or dealer shall make repairs as are necessary to conform with all express warranties. The first count of Bogan's CT Page 5359 complaint, incorporated into the second count, alleges that the motor vehicle sold to Bogan by the third party defendants did not conform to all express warranties. Bogan also alleges that "on various dates and times," during a period of two years following his purchase of the automobile, he returned the vehicle to the service department for repairs but that the defective conditions continued. It is not necessary for Bogan to plead a cause of action pursuant to sections 42-179, (c)[1] and (d)[2] to enforce the provisions of General Statutes § 42-179 (b). Construing the complaint most favorably to the nonmoving party, Bogan alleges a sufficient cause of action pursuant to General Statutes § 42-179 (b).
Accordingly, the third party defendants motion to strike count two is denied.
B. Count Three
The third party defendants originally moved to strike count three on the ground that Bogan failed to state a legally sufficient cause of action for fraudulent misrepresentation. In his memorandum in opposition, Bogan argues that count three of his complaint states a claim for innocent misrepresentation, not fraudulent misrepresentation. In their reply, the third party defendants argue that Bogan fails to state a legally sufficient cause of action for innocent misrepresentation since Bogan fails to allege the essential elements of that claim.
Connecticut courts have "has long recognized liability for innocent misrepresentation. The elements of this cause of action are (1) a representation of material fact, (2) made for the purpose of inducing the purchase, (3) the representation is untrue, and (4) there is justifiable reliance by the plaintiff on the representation by the defendant and (5) damages." (Internal quotation marks omitted.) Matyas v. Minck, 37 Conn. App. 321,333, 655 A.2d 1155 (1995), citing Johnson v. Healy, 176 Conn. 97,405 A.2d 54 (1978).
In the third count of his complaint, Bogan alleges that, "[a]s part of the negotiations . . . the [t]hird [p]arty plaintiff inquired as to the quality of the motor vehicle and the [t]hird [p]arty defendant Michael's Chrysler Plymouth Isuzu, or its servants or agents, replied that the motor vehicle was manufactured with the best materials and highest quality and that there was nothing wrong with the vehicle. Said representations CT Page 5360 were made for the purpose of inducing the [t]hird party plaintiff to purchase the motor vehicle. As a result of his reasonable reliance on said representations . . . the [t]hird [p]arty plaintiff was induced to enter into said . . . contract . . . . The motor vehicle was not as represented. . . . As a result of his reliance . . . the [t]hird [p]arty plaintiff agreed to pay far more money than the motor vehicle was reasonably worth . . . ."
Construing the allegations of count three most favorably to the nonmoving party, count three alleges the necessary elements of a cause of action for innocent misrepresentation. Accordingly, the third party defendants' motion to strike count three is denied.
C. Count Four
The third party defendants move to strike count four on the ground that it fails to state a legally sufficient cause of action for negligent misrepresentation since Bogan does not allege the necessary elements.
Connecticut courts have "long recognized liability for negligent misrepresentation. . . . The governing principles are set forth in . . . § 552 of the Restatement (Second) of Torts (1997): One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."' (Citations omitted; internal quotation marks omitted.). WilliamsFord. Inc. v. Hartford Courant Co., 232 Conn. 559, 575,657 A.2d 212 (1995).
Count five of the third party complaint incorporates the allegations in count three, see supra, and additionally alleges that the third party defendants' "representations were negligently made." Bogan has thereby alleged that he incurred damages because he relied on false statements that were negligently made by Chrysler's agents to induce him to purchase an automobile. Accordingly, construing the complaint most favorably to the nonmoving party, Bogan has stated a legally sufficient cause of action for negligent misrepresentation. CT Page 5361
Accordingly, the third party defendants motion to strike count four is denied.
D. Count Five
The third party defendants move to strike count five on the ground that count five does not state a legally sufficient claim under the Connecticut Unfair Trade Practices Act (CUTPA) since Bogan does not allege the necessary elements.
"A violation of any of the provisions of sections 42-179 and42-181 to 42-183, inclusive, shall be deemed an unfair or deceptive trade practice under chapter 735a [General Statutes § 42-110a et seq.]." General Statutes § 42-184. SeeChrysler Corporation v. Maiocco, 209 Conn. 579, 589,552 A.2d 1207 (1989); Weglarz v. Plaza Ford, Superior Court, judicial district of Middlesex, Docket No. 071519 (August 30, 1995, Aurigemma, J.).
Since Bogan has pleaded a legally sufficient claim pursuant to General Statutes § 42-179 (b), Bogan may allege a CUTPA claim pursuant to General Statutes § 42-184. Accordingly, the third party defendants motion to strike count five is denied.[3]
Accordingly, the third party defendants' motion to strike counts two, three, four and five of the third party complaint is denied.
Martin, J.